**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-08000-001-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Joseph Glen Defoe, | |
| Defendant. | |

Before the Court is Defendant Joseph Glen Defoe's ("Defendant") Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 55). For the reasons stated below, the motion is denied.

## BACKGROUND

On September 22, 2015, Defendant pled guilty to Sexual Abuse of a Minor in violation 18 U.S.C. §§ 1153, 2243(a), and 2246(2)(A). (Doc. 36 at 1.) In January 2016, he was sentenced to 132 months in prison followed by lifetime supervised release. (Doc. 52.) Defendant is presently in federal custody at FCI-Safford with a projected release date in June 2025. He filed the instant motion for compassionate release on December 29, 2020. (Doc. 55.)

## DISCUSSION

**I.   Legal Standard**

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United*

*States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) ("The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners," rather than only the Prison Director). Under 18 U.S.C. § 3582, a court may reduce a term of imprisonment it has imposed "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if "extraordinary and compelling reasons warrant such a reduction." The reduction may only be entered on a defendant's motion

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). This exhaustion requirement is mandatory and cannot be waived by the Court. *See United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2020 WL 1929200, at *2 (D. Ariz. Apr. 21, 2020) ("The critical inquiry is whether the text of § 3582 allows for the Court to excuse Defendant's failure to exhaust her administrative remedies. There is no indication in the statutory text, nor has Defendant pointed to other supporting evidence, that would establish Congress meant to confer on the courts the authority to waive exhaustion."). Indeed, when Congress enacts a statutory exhaustion provision, "Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to. For that reason, mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (citing *McNeil v. United States*, 508 U.S. 106, 111 (1993)).

**II.     Analysis**

BOP medical records show that Defendant is overweight. (Doc. 55-6 at 2); *see* (Doc. 55 at 7–8) (explaining that Defendant is 6'1" and weighs 226 pounds, putting him at a BMI of 29.8). This condition could increase his risk if he were to contract COVID-19. The CDC explains: "Having obesity, defined as a body mass index (BMI) between 30 kg/m2 and <40 kg/m2 or severe obesity (BMI of 40 kg/m2 or above), increases your risk of severe illness from COVID-19. Having overweight, defined as a BMI > 25 kg/m2 but less than 30 kg/m2

might increase your risk of severe illness from COVID-19." *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 15, 2021). Defendants' assertion of "near-obesity" alone, however, has not shown that his risk of contracting COVID-19 while detained at FCI-Safford is an extraordinary or compelling circumstance.

Further, Defendant's concerns that confinement may increase his risk of contracting COVID-19 do not establish the immediate and particularized risks which courts find compelling. *United States v. Atari*, No. 2:17-CR-00232-JAM, 2020 WL 2615030, at *2 (E.D. Cal. May 22, 2020) ("Courts have found general concerns about possible exposure to COVID-19 'do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.'") (internal citations omitted); *see United States v. Partida*, No. CR-17-08260-001-PCT-DGC, 2020 WL 3050705, at *6 (D. Ariz. June 8, 2020). And many courts have declined to find extraordinary and compelling circumstances despite risk factors and current cases at a facility. *United States v. Salazar*, No. 1:16-CR-00461-WJ-CG, 2020 WL 6701872, at *3 (D.N.M. Nov. 13, 2020) ("Many courts have denied prisoners' motions for compassionate release even when there are significant numbers of active COVID-19 cases at their facilities and even when the prisoners themselves test positive for the virus."); *see United States v. Korn*, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) (denying compassionate release where defendant suffered from a serious heart condition and his facility had confirmed cases). The Court thus finds that Defendant has not established extraordinary and compelling reasons for compassionate release under 18 U.S.C. § 3582(c).

Moreover, Defendant has not established that he would not be a danger to the community if released. Defendant is incarcerated for sexual abuse of a minor. He knowingly engaged in a sexual act with a victim who was 12 years old and more than four years his junior. The serious nature of Defendant's criminal conduct is supported by substantial evidence contained in the Plea Agreement, which details the acts Defendant

agreed he committed. (Doc. 36 at 6.) The severity of Defendant's crimes at least suggest he would continue to present a danger to the community if released.

## CONCLUSION

For the reasons set forth above, the motion for compassionate release is denied because Defendant has not demonstrated an extraordinary or compelling reason for his release.

**IT IS THEREFORE ORDERED** that Defendant's Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 55) is **DENIED.**

Dated this 28th day of January, 2021.

_____
G. Murray Snow
Chief United States District Judge